### JOHN B. HOLTON *v*. JOSEPH BINNS.

1. REPLEVIN : ACTION DOES NOT LIE AS BETWEEN JOINT OWNERS.—Joint owners of personal property have each an equal right to the possession of the joint property, and hence, an action of replevin will not be in favor of one joint owner against another.

ERROR to the Circuit Court of Kemper county. Hon. H. W. Foote, judge.

*George L. Potter* and *J. Y. & J. D. Thomas*, for plaintiff in error, cited *Hunt* v. *Chambers*, 1 Zabriskie (N. J.), 623 ; 2 Ib. 556, and note ; *Fox* v. *Hamburgh*, Cowp. 245 (450) ; *Ladd* v. *Billings*, 15 Mass. 18 ; 12 Pick. 324 ; 15 Pick. 11 ; 27 Miss. 829.

*Thomas H. Woods* and *Israel Welch,* for defendant in error.

HARRIS, J., delivered the opinion of the court.

This is an action of replevin under the statute to recover seventy-four and one-half pounds of cotton in the lint, to the immediate possession of which the plaintiff below claims that he is legally entitled. Upon the trial in the court below, the plaintiff introduced his evidence in support of his action and rested his case.

The appellant here demurred to the evidence, the court over-ruled the demurrer and gave judgment for the plaintiff, and the case is brought here by writ of error to revise that judgment.

The evidence contained in the bill of exceptions shows, that the parties were the joint owners of about one thousand pounds of cotton which they had purchased and agreed to share equally between them; that by circumstances unnecessary to be noticed here, appellant was in possession of five hundred and sixty-five pounds of this cotton, and appellee of four hundred and sixteen pounds. That appellant offered to let the appellee take his remaining share (seventy-four and one-half pounds) out of the bale in appellant's possession, which appellee refused, insisting that appellant should take it back to the gin, where it had been packed. The evidence shows that no division of their joint interest had been made; but that by the omission of the party at whose gin the cotton was packed, and who, by an agreement between these parties, was to have equally divided and packed the cotton for them, no such division was made, and that at the time they respectively hauled the bales from the gin, the difference in their weight was unknown to either party; appellant hauled away the bale containing five hundred and sixty-five pounds, and appellee took away from the same gin the bale weighing four hundred and sixteen pounds.

Upon this state of facts, neither party had any separate property in the cotton in dispute, and an action of replevin will not lie in favor of one joint owner of property against another. Both parties have an equal right to the possession of the joint interest until partition.

The judgment of the court, therefore, overruling the demurrer to the evidence, should have been for the defendant below instead of for the plaintiff. For this error the judgment will be reversed, and judgment entered here for appellant, with costs.