JOHN SCHLICHT *v.* WILLIAM C. CALLICOTT.

1. LANDLORD AND TENANT. *Attachment for rent or supplies. Amendment of proceedings.    Code* 1892, § 2521.

Under code 1892, § 2521, providing therefor, the proceedings in a landlord's attachment for rent or supplies may be amended.

2. SAME. *Contract creating the relationship.*

A contract providing that one of the parties is to furnish the other a dwelling house for himself and family, with adjacent lands, and with teams and utensils, and that such other is to cultivate the land and pay one-half the crop for the use of the property, creates the relation of landlord and tenant between the parties.

3. SAME. *Supreme court.    Amount in controversy.    Jurisdiction.    Code* 1892, § 85.

The jurisdiction of the supreme court, under code 1892, § 85, of an issue made before a justice of the peace, under code 1892, § 2528, after seizure under a landlord's attachment for rent or supplies, is determinable, on his appeal, by the sum for which he might have obtained judgment, there having been no trial on the merits in the circuit court.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Callicott, the appellee and tenant, was the plaintiff in the court below; Schlicht, the appellant and landlord, was defendant there.   The action was an issue made under the statute, code 1892, § 2528, hereinafter quoted, as to debt due after property seized under an attachment for supplies furnished a tenant by his landlord.   The statute authorizing such an attachment or distress is as follows: .

"2501. *Attachment for rent and supplies; who entitled to and for what.*—An attachment or distress may be sued out by the lessor of lands, his executors, administrators, or assigns.

It may be had for rent of the leased premises due and in arrear, or to become due, as the case may be, and for advances made by the landlord or his administrator or executor for supplies for the tenant and others for whom the tenant may have contracted and for his business carried on upon the leased premises.''

The statute under which the issue was made is in these words:

'' 2528 (1316). *Sale of goods stopped without bond.*—If the tenant shall make affidavit, before the officer holding his property under an attachment for rent or supplies alleged to be due or to have been advanced, that he does not owe the amount claimed, such officer shall not sell the property, unless it be liable to perish or greatly depreciate, or be expensive to keep, in which case he shall sell it and hold the proceeds to the end of the suit; and he shall return the attachment with the affidavit and a statement of his proceedings to the proper court, and shall summon the party who sued out the attachment to appear there; and further proceedings shall be had as in case the tenant had replevied the goods by giving bond.''

The other facts are stated in the opinion of the court.

*Bristow & Sykes,* for appellant.

In *Pate* v. *Shannon,* 69 Miss., 37, Judge Cooper says truly that the making of the affidavit, as required by the statute, is a condition precedent to the issuance of the warrant, which is just what the statute provides in so many words. The filing of the bill of particulars is more for use at the trial of the matter in court than as a preliminary to the issuance of the distress warrant.

Would it be contended that the whole proceeding would be void, and the constable a trespasser, where the proper complaint is made on oath, and the proper bond given and approved, and the writ issued in due form, simply because the landlord did not file an itemized account of the supplies until the day after the complaint was made? Neither the letter nor

the spirit of the law would tolerate any such thing. In this case the regular statutory complaint, on oath, was made, the bond with security duly executed and approved, the warrant or writ duly issued; a few days later, before any sale of the property attached, a regular bill of particulars was filed with the complaint, and this, we submit, is all the law requires.

On the question of jurisdiction, had we succeeded in the cause, a judgment would have been rendered in our favor against the appellant for the seventy-five dollars, supply indebtedness, and condemning the property attached to the satisfaction of that judgment. The "amount in controversy," therefore, on the issue made by appellee, was and is seventy-five dollars, as plainly shown by the record.

*Culhoon & Green*, for appellee.

Can a landlord, who also claims for supplies, under code 1892, § 2502, obtain a valid distress warrant without filing with his affidavit an "itemized bill of particulars thereof," in order to seize for the supplies? We say no. It is jurisdictional, and such a bill of particulars cannot be filed after the seizure.

In *Pate* v. *Shannon*, 69 Miss., 372, this court held that an affidavit for rent was not amendable because jurisdictional. The court said it was no more amendable than a deed relied on. It says, "the making of the affidavit as required by the statute is a condition precedent to the issuance of the warrant, and if the condition is not performed the warrant is illegal." The thing demanded in the case at bar is "an account of supplies," and no bill of particulars was filed. The statute is imperious and must be complied with or the writ is a nullity. The remedy is extraordinary and must be strictly pursued. *Ita lex scripta est.* If any bill of particulars had been actually filed it might be amendable, perhaps, but surely one cannot be filed after service. The tenant must be precisely informed of what is required of him before his goods are taken from him.

This court is without jurisdiction, less than $50 being in-

volved.   See the officer's return, showing less than $50, and
no evidence shows more.   The value of the goods is the test in
this proceeding.   Code, §§ 2508, 2518.   Callicott was not ten-
ant in fact.   The record shows that he was working Schlicht's
land for one-half  the crop made and certain services.   *Briscoe*
v.  *McElween*, 43 Miss., 556.

TERRAL, J., delivered the opinion of the court.

On the twentieth of January, 1897, John Schlicht sued out
an attachment for supplies in the sum of $75 against W. C.
Callicott.   The attachment writ was levied the same day upon
100 bushels of corn, valued at 25 cents per bushel, and upon
3 hogs, valued at $7.50.   On the twenty-fourth day of Janu-
ary Callicott made affidavit before the constable levying the
attachment that he was not indebted to John Schlicht, his land-
lord, in the sum of $75, as alleged by him, for supplies, and
that he desired to contest said claim.   Thereupon a summons
was issued to John Schlicht to appear before C. H. Marshall,
a justice of the peace, on the thirteenth day of February, 1897,
to contest with Callicott the right to the property levied on.
On the thirteenth of February the case was continued until the
seventeenth day of the same month, when John Schlicht filed a
bill of particulars of his claim for supplies against Callicott,
amounting to $78.05, verified by his affidavit.   Callicott filed
a set-off of $83.95.   Thereupon a trial was had, and Callicott
recovered a judgment for $25 and for the return of the corn.
Schlicht appealed to the circuit court.   There Callicott with-
drew the affidavit before made by him in the case, and, in lieu
thereof, filed an amended affidavit, alleging that in his former
affidavit he had acknowledged himself the tenant of Schlicht by
inadvertence, and that Schlicht was not his landlord and that
he was not a tenant· of Schlicht.   Callicott also filed a claim
for damages in the sum of $100, and moved the court to
require Schlicht to file a bill of particulars of his claim for
supplies.   Immediately Schlicht filed a bill of particulars of

his claim for supplies against Callicott, amounting to $78.05. A jury was then taken, and the evidence of Schlicht and Frazee was taken on the behalf of Schlicht. After Schlicht had testified and after Frazee had testified at some length, Callicott moved the court "to dismiss the case, as there was no bill of particulars filed with the justice of the peace when the affidavit was made at the time the attachment was taken out." The court sustained the motion and Schlicht excepted. Judgment was rendered that Callicott recover from the constable the property attached and recover his costs of suit. Schlicht appeals.

1. It is said that the action of the circuit court is correct, because it is said that the filing of the bill of particulars of his demand for supplies by the lessor when he made the affidavit for the attachment or distress warrant is jurisdictional—a condition precedent to the issuance of a valid distress warrant. And such, undoubtedly, was the harsh and rigid doctrine of the common law, which held that every statutory or other special power must be strictly pursued. But this rigid and inhospitable rule of the common law has, by the wisdom of the legislature, been altered in the instance of distress proceedings, by § 2521, which provides that if the tenant shall replevy the goods attached, or contest the right of the lessor, and in so doing shall object to any of the attachment proceedings, that the lessor may amend the attachment proceedings. Undoubtedly the bill of particulars filed by Schlicht was sufficient, and the motion to dismiss the case was not sustainable on that ground.

2. It is alleged this court is without jurisdiction because less than fifty dollars is involved. There was no trial on the merits. If there had been and the landowner had won, he would have had a judgment for seventy-five dollars, satisfiable by a sale of the things seized, with execution over for the residue, and as he might have had judgment for seventy-five dollars, we have jurisdiction, since the case went off on a motion.

*Biddle* v. *Paine*, 74 Miss., 494, fixes the judgment amount as the test of jurisdiction here.

3. It is said that Callicott is not a tenant of Schlicht, and on that account a right result has been reached. The contract of lease was that Schlicht was to furnish to Callicott a dwelling house for himself and family, the land to be occupied and worked by Callicott; also necessary team, gear, farming tools for working the land, with feed for the team, and Callicott was to work the land properly, to make and gather the crops to be grown, and to pay or deliver to Schlicht one-half of the crops so made and gathered. The parties seem to have treated each other as landlord and tenant until after this suit arose, and we think correctly so.

*Judgment reversed and cause remanded.*