ROWLANDS, Respondent, vs. VOECHTING, Appellant.

*September 23—October 21, 1902.*

*Landlord and tenant: When relation exists?   Title to crops.*

1. The relation of landlord and tenant is *held* to have been created between the parties by a lease, using the technical words "lease, demise, and let," describing defendant as "lessor" and plaintiff as "lessee," giving plaintiff exclusive possession of the premises, with certain exceptions, and power to raise such crops as he pleases, and providing that he shall discharge his rent by paying one half of the income received by him from the sale of the crops and products.

2. Where the relation of landlord and tenant exists, even though the rent is to be paid in kind, the title to the crops is in the tenant until division is made, unless the contract specifically provides to the contrary.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

This action was brought to recover the value of one half of certain crops which plaintiff claims belong to him under a lease made by him as tenant with the defendant as landlord. The defendant interposed a counterclaim, claiming that the plaintiff had not accounted for the crops or for the produce of the farm pursuant to the terms of the lease.

The action was tried by the court. There was no material dispute concerning the principal facts. August 16, 1897, the defendant, by a written lease, rented to the plaintiff his farm in Waukesha county for a term of one year, ending October 1, 1898, with the privilege of an extension of one year by giving thirty days' notice. The lease also included the machinery, live stock, and grain upon the farm October 1, 1897. The lease provided that the said *Rowlands* should "pay unto the said *Christian Voechting,* in lieu of rent, one half of the income of said farm and products raised thereon, as well as the proceeds arising from the sale of milk, eggs, and all dairy products, vegetables, and grain, and quarter-annually render a true account of all the receipts and disbursements during the three months next preceding the day such account is rendered, and furnish receipts for all moneys paid out at the end of said term." The lease further provided that the tenant should return to the landlord at the end of the term all the machinery, grain, live stock, etc., which he had received when he entered upon the lease, or else replace the same *in specie,* or the value thereof; all expenses excepting farm help or labor to be paid one half by each party. The lease was renewed for the second year, and on October 4, 1899, there were on hand on the farm certain products raised during the term, to the value of $248.56, consisting of grain or other products, different in kind, but in excess of, the grain and products which he received in 1897. On October 4, 1899, the defend-

ant refused to permit the plaintiff to take away said products or any part thereof, and appropriated the same to his own use, claiming that the plaintiff had not accounted for the products received and sold by him and was largely indebted to the defendant on account thereof. It appeared, also, that the plaintiff was a farmer and the head of a family which was dependent on him for support at the time of and prior to the conversion of said property by the defendant. It appeared, also, that upon an accounting between the parties the plaintiff at the time of said conversion owed the defendant, for farm products sold during his term and not accounted for, and for grain received at the time of the commencement of the lease, $115.05; also that the defendant owed the plaintiff for various items of expense paid by plaintiff and moneys received by defendant $135.76; leaving a net balance in favor of plaintiff of $20.71.

Upon these facts the court concluded that the property seized was exempt, and that the defendant's conversion thereof was unlawful; that the defendant's counterclaim could not be allowed; and that the plaintiff was entitled to judgment against the defendant for one half of said crops and products so converted by the defendant, amounting to the sum of $124.28, with interest from the day of conversion. From judgment in accordance with these conclusions the defendant appeals.

For the appellant there were briefs by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.*

For the respondent the cause was submitted on the brief of *Vernon H. Tichenor.*

WINSLOW, J. A number of questions are discussed by the counsel for the appellant in this case which we do not find it necessary to consider. In our judgment, there is really but one important question in this case, and that is the question of the construction of the lease. If, under the lease, the ten-

ant became the owner of the crops raised upon the farm, free from any lien thereon in favor of the landlord, the recovery in this action must be sustained, regardless of any counterclaim, legal or equitable, because the property was exempt property, and the exemption right is not to be defeated or rendered worthless by any such process. *Below v. Robbins,* 76 Wis. 600, 45 N. W. 416. It must be conceded that by the terms of the lease in question the relations of landlord and tenant were created between the parties. In *Strain v. Gardner,* 61 Wis. 174, 21 N. W. 35, where the agreement was that the tenant should give to the landlord one third of the crops *in specie,* and the provisions of the lease were much less definite than those before us now, it was held that the relations were those of landlord and tenant, and not of owner and cropper. In the present lease not only are the technical words, "lease, demise, and let," used, but the defendant is described as "lessor," and the plaintiff as "lessee;" the premises, with certain exceptions, are placed in the exclusive possession of the lessee for a definite term, with power to raise such crops as he pleases; and, to crown all, it is provided that the lessee shall discharge his rent, not by rendering one half of the crops *in specie* to the landlord, but by *paying* one half of the income received by him from the sale of the crops and products, thus expressly conferring on the tenant the power to absolutely dispose of the crops.

It is admitted by the appellant that under the decisions of this court (*Strain v. Gardner, supra; Foley v. S. W. Land Co.* 94 Wis. 329, 68 N. W. 994) the relationship of the parties was undoubtedly that of landlord and tenant; but he claims that this does not necessarily determine the question of the ownership of the crops, and that in the present case it appears by the provisions of the lease either (1) that the parties were tenants in common of the crops, or (2) that they were jointly interested in them, after the manner of partners

in a joint adventure, so that neither party could claim any definite share in the crops or their proceeds as his own until an accounting. of the business had been taken between the parties. If the parties were simply tenants in common, each party could claim his half as exempt, so far as the property was divisible (*Newton v. Howe,* 29 Wis. 531), and one tenant could sue his cotenant for his share, if withheld by such cotenant (sec. 4257, Stats. 1898). As it appears that all of the property in this case was divisible, except certain heifers, chickens, and hogs, in which the plaintiff's share amounted to $14.75, it follows that if this theory were adopted the judgment appealed from would be correct, except as to said last-named sum, and would only have to be modified by reducing it in that amount. If, however, the second theory were to be adopted, it might, perhaps, follow that the action could not be maintained at all. It is doubtless true, as appellant claims, that the fact that the relationship of landlord and tenant exists is not conclusive on the question of the ownership of, or rights in, the products of the farm. The parties may by their contract have made special provisions on the subject, which will control. It must be admitted, however, that the general rule supported by the great weight of authority is that where the relation of landlord and tenant exists, even though the rent is to be paid in kind, the title to the crops is in the tenant until division is made, unless specific provision has been made by the parties, in their contract, to the contrary. See authorities cited in *Strain v. Gardner,* 61 Wis. 174, 21 N. W. 35; also 8 Am. & Eng. Ency. of Law (2d ed.) 317, and authorities collated in note 3. Is there any provision of the lease before us which changes the general rule? We think not. In the first place, as previously noted, no part of the produce is to be delivered to the landlord *in specie.* The plain provisions of the contract contemplate that the tenant shall sell all of the proceeds as he chooses and when he chooses, and keep an ac-

count of his sales and expenses, which is to be submitted to the
landlord quarterly, and pay to his landlord one half of the
net proceeds.   No lien is given to the landlord to secure this
payment, nor any right to control or even advise in the prose-
cution of the business.   We think it plain that it was intended
to vest the complete title and right of disposition of the crops
in the tenant, and that the provisions in the lease relating
thereto are simply inserted as a means of measuring the
amount of the rent to be paid, and not for the purpose of re-
serving any right therein to the landlord.

These views necessitate affirmance of the judgment.

*By the Court.*—Judgment affirmed.