PETER M. M. ALEXANDER *v.* POSTEL M. ZEIGLER.

1. LANDLORD AND TENANT. *Farming on shares.*

> If the owner of a farm furnishes the land, team, and farm imple-
> ments and feeds the team, and another furnishes the labor to
> make and gather the crops, to be divided between them, the
> relation between them is that of landlord and tenant.

2. SAME. *Replevin.*

> In such case a plaintiff, who has the right of possession against
> the tenant, may by an action of replevin recover the tenant's
> share of the crops from the landlord.

3. SAME. *Waiver of landlord's lien. Commingling goods. Estoppel.*

> A landlord who has waived his lien for rent in favor of one who
> advances supplies to a tenant on the security of a deed of trust
> on his cotton crop, is, after receiving cotton to the amount of
> four bales from the tenant and mingling the same with his own,
> estopped to deny that a bale of cotton seized by the trustee was
> produced by the tenant on the demized premises.

4. PRACTICE. *Excluding all evidence. Rule.*

> Upon a motion to exclude all the testimony, not only the facts
> expressly testified to, but all inferences necessarily and logically
> to be deduced therefrom, are to be taken as true, in favor of the
> party against whom such motion is interposed.

FROM the circuit court of Holmes county.

HON. A. McC. KIMBROUGH, Judge.

Alexander, the appellant, was the plaintiff, and Zeigler, the
appellee, defendant in the court below. From a judgment in
defendant's favor the plaintiff appealed to the supreme court.
The facts were:

Zeigler was the owner of a farm, and in the year 1902 con-
tracted with one Will Horton to make a crop on shares; Zeig-
ler to furnish the land, team, and farm implements, and to
feed the team, and Horton to furnish the labor to make and
gather the crop; the crop to be equally divided between them.

Lewis & Herman, who were merchants, took a deed of trust on Horton's crop, and furnished him with supplies. Appellant, Alexander, was made trustee in the deed of trust. The deed of trust was given on the 17th day of January, 1902. The supplies were advanced after the middle of March following. Horton made six bales of cotton, and Zeigler took possession of four of them.

This suit was an action in replevin brought by Alexander, the trustee, to recover possession of one bale of the cotton. There was a judgment in the lower court for defendant, upon a peremptory instruction, after the evidence for plaintiff had been excluded. The evidence in the case is sufficiently stated in the opinion of the court. It is contended for appellee that the evidence failed to identify the cotton levied on as being part of the cotton raised by Will Horton. It is further contended that, if appellant acquired any rights at all to the cotton, it was under the trust deed, and that he became either assignee of a lien, as defined in § 2682, Code 1892, or the owner of a half interest in the crop raised by Horton, and consequently a tenant in common with appellee, and in either event replevin would not lie. It is also claimed that the mortgage under which appellant claims title to the cotton is void because at the time it was executed the mortgagor's share to be produced did not have such potential existence as to be a valid subject of a mortgage at law. Plaintiff's motion for a new trial was overruled.

*Noel, Pepper & Elmore,* for appellant.

Horton was a tenant to Zeigler and had such an interest in the leased premises as to sustain a deed of trust upon the crops to be thereafter grown, even though not planted.

Whether the relationship was that of landlord and tenant, or otherwise, the deed of trust was valid as between the parties, and as Zeigler has proven no claim in himself to the property, a valid agreement between the parties would bind him.

84 Miss.—36

Regardless of the relationship of the parties, Zeigler having induced Lewis & Herman to make advances to Horton by his agreement to waive all claim on one-half of the crop, and having received one-half, three bales, was estopped from disputing the rights of appellant to the bale of cotton constituting a part of the other half.

A contract similar to this, where one party furnished the land, team, and farming implements, and the other the farm labor, and each was to receive one-half of the crop, was held by this court to constitute the relationship of landlord and tenant. *Schlicht* v. *Callicott,* 76 Miss., 487.

Crops to be grown by the grantor or his employes during the year, on land of which he is in possession, either as owner, or by the consent of the owner, preparatory to making a crop, have such a potential existence as to be a valid subject of mortgage. *Russell* v. *Stevens,* 70 Miss., 685 ; *Everman* v. *Robb,* 52 Miss., 653 ; *Stadeker* v. *Loeb,* 67 Miss., 200 ; *McCown* v. *Mayer,* 65 Miss., 537.

Whatever the relationship may be termed, as between the two, and as against all others who have not acquired, by contract, valid rights to the property, the deed of trust on the property in controversy is valid. *Sillers* v. *Lester,* 48 Miss., 513 ; *White* v. *Thomas,* 52 Miss., 49 ; *Davis* v. *Marx,* 55 Miss., 376.

Three witnesses testify, uncontradicted, that the deed of trust in evidence was given upon the assurance of appellee that he would assert no claim to the property incumbered, one-half of the crop produced by Will Horton, his share, and this is the last bale of that share.

The elementary principles of estoppel bring this case within the rules. Estoppel arises from any act or declaration, intended or calculated to mislead another, and on which that other has relied, and has so far acted, or refrained from acting, as that injury will befall him if the truth of the act or declaration be

denied. *Staton* v. *Bryant,* 55 Miss., 261; *Davis* v. *Bowmar,* 55 Miss., 671.

*Tackett & Smith,* for appellee.

If appellant acquired any rights at all under his deed of trust he became either the assignee of an employe's lien, as defined in sec. 2682 of the code, or the owner of a one-half interest in the crop raised by Horton, and consequently a tenant in common of same with appellee. In either event replevin would not lie.

An employe's lien could only be enforced in the manner provided by sec. 2684 of the code or in the chancery court.

Contracts between one in possession of land and laborers who are to receive a share of the products thereof, produced by them, are usually regarded as constituting the parties to such contracts tenants in common of the crops when same come into existence. *Doty* v. *Heth,* 52 Miss., 530.

Under Horton's contract with Zeigler he was to have one-half of the crop as compensation for his labor in producing same. He made six bales of cotton, four of which were in the possession of appellee at the time this suit was instituted. It is true that two bales had been appropriated by Horton, but no partition of the joint property had been made and the weight of the different bales was not shown.

In 24 Am. & Eng. Ency. Law (2d ed.), 493, citing numerous authorities in support thereof in note 1, it is stated that "one tenant in common of a crop, though it is divisible by weight or measure, cannot recover against his co-tenant, in replevin, for his share of the crop." And in *Holton* v. *Binns,* 40 Miss., 491, it was held that "joint owners of personal property have each an equal right to the possession of the joint property, and hence an action of replevin will not lie in favor of one joint owner against another."

The mortgage under which appellant claims title to the cotton is void, because at the time same was executed, January 17th, the mortgagor's share of the crop to be produced did not

---

---

have such a potential existence as to be a valid subject of mortgage at law.

TRULY, J., delivered the opinion of the court.

The peremptory instruction given for appellee (defendant below) cannot be sustained upon either ground assumed by counsel. The rule that one tenant in common cannot institute replevin against his co-tenant does not control this case. Horton was a tenant, and appellee was his landlord. This point was expressly decided, upon almost identical facts, in *Schlicht* v. *Callicott,* 76 Miss., 487 (24 South., 869). The trust deed from Horton to appellant conveyed the interest which Horton had in the crops to be produced, and, after condition broken, authorized appellant, as trustee, to obtain possession of such products. The decision in the case cited is a full and complete answer to the argument presented by counsel for appellee on the first ground.

Nor can the action of the court be sustained upon the idea that there was no proof that the particular cotton seized by the officer, and the subject of this controversy, was in fact produced by the grantor in the trust deed, who was also the tenant of the appellee: (1) Because the testimony was ample, standing undenied and unexplained, to have authorized the jury to find that the cotton was so produced. The tenant, Horton, testified that he raised the cotton in controversy on the land of the appellee; and, if this was true, appellant was entitled to the possession thereof. Upon a motion to exclude the testimony, not only the facts expressly testified to, but all inferences necessarily and logically to be deduced therefrom, are to be taken as true, in favor of the party against whom such motion is interposed. (2) In addition to the above, by the undisputed testimony of three witnesses, appellee had waived his lien as landlord on the crop to be produced by Horton, and subordinated the same to the claim for supplies to be furnished under the trust deed. It was also proved that the appellee had received four bales of cotton from his tenant, all of which, under the waiver, was subject to

the lien of appellant's trust deed, and had mingled the same with his own cotton. Under this state of facts, he was estopped to deny that the particular bale of cotton seized was in fact one of the bales produced by the tenant on the leased premises.

Under no phase of the case as presented by this record was the action of the court in directing the verdict for appellee authorized. In the absence of all denial and contradiction, appellant was entitled to a peremptory instruction on the case made.

*Reversed and remanded.*