ROGERS v. LAWTON.

(Circuit Court, W. D. Wisconsin. June 24, 1908.)

No. 4.

1. COURTS—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.
    In a suit for an accounting by a surviving partner, the amount in controversy is the value of the entire partnership property, and where that exceeds $2,000 it is sufficient to sustain the jurisdiction of a federal court.
    [Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. PARTNERSHIP—CONTRACT CREATING—PARTNERSHIP OR LEASE.
    A written contract, in the form of a lease of a farm by the first party to the second for a term of years, provided that the first party should furnish with said farm one-half of all the stock, seed, teams, feed, and machinery necessary to work the farm, and pay one-half of the taxes on the personal property and one-half the repairs on machinery and tools; that the second party should furnish the remaining half of such items, farm the land in a workmanlike manner, and deliver up to the first party "one-half of all the products of such farm" and the premises and appurtenances at the expiration of the term. Held, that such contract was one of lease, and not of partnership, the parties sharing gross returns, and not profits, and the business to be conducted by the second party in his discretion and on his sole responsibility, and that the fact that in practice the second party sold the products, and paid the expenses, cost of addi-

tional stock, machinery, etc., from the proceeds, and divided the remainder, with the assent of the first party, was merely a matter of convenience, which did not change the nature of the contract, nor show an intention to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 25.]

In Equity.    On demurrer to plea to jurisdiction.

A. G. Scott and Olin & Butler, for complainant.

A. A. Jackson, for defendant.

SANBORN, District Judge.    General demurrer and plea to the jurisdiction.    The amended bill, as amended by leave of court, shows the diverse citizenship of the parties, and alleges that on July 18, 1902, one F. D. Rogers, then husband of complainant, but since deceased, made an agreement with defendant to form a general copartnership business in farming, stock raising and selling, and the manufacture and sale of butter and other dairy products, on a farm belonging to said F. D. Rogers, which agreement was reduced to writing and signed by the parties.    The agreement is set out verbatim in the bill, and is in the ordinary form of a lease, except as to the reservation of rent.    In substance the agreement so set out is as follows: Rogers leases, demises, and lets to Lawton, his heirs, executors, administrators, and assigns, a farm of 214 acres, to have and to hold for the term of 10 years from December 1, 1902.    The agreement then proceeds as follows:

"(1) The said party of the first part hereby agrees to furnish with said farm one-half of all the stock and teams necessary to work said farm, one-half of the seed of all kinds, one-half of the tools, one-half of the repairs on the same, one-half of the blacksmith's bills, pay one-half of the tax on the stock, teams, and tools on said farm, one-half of the feed for the stock and teams, and pay one-half of the thresher's bill of all kinds.

"(2) That said party of the second part doth hereby agree to take said farm with the appurtenances thereon, farm the same in a workmanlike manner, and furnish one-half of all the stock, teams, and tools necessary to work said farm, pay one-half of the repairs on the tools, furnish one-half of the seed of all kinds, one-half of the feed for the stock and teams, pay one-half of the blacksmith's bill, one-half of the thresher's bill of all kinds, pay one-half of the tax on the stock, teams, and tools on the farm, and deliver up to said party of the first part one-half of all the products of such farm (except the fruit and poultry, which he has for his own use), said products properly stored and cared for in a proper manner, and in as good order as possible, and deliver up said premises and appurtenances thereof at the expiration of said term to the said party of the first part, his agent, attorney, heirs, or assigns, peaceably and in good order.

"(3) That the said party of the first part hereby agrees to furnish for said party of the second part a garden and firewood for his personal use, and the keeping of one cow (out of undivided feed), and all the material for repairing buildings and fences on said farm, or for new buildings or fences, the party of the second part doing the work of repairing and building of new fences; the party of the second part to furnish butter for the family use of the party of the first party out of common stock.

"(4) That the party of the second part also agrees to cut up the corn whenever it is proper or will pay to do so."

These are all the provisions of the paper; the matter quoted being followed by the attestation and signatures.    The bill further alleges

that at the time the contract was made all the personal property on the farm consisted of all property necessary or desirable for a stock and dairy business, and was owned jointly by said Rogers and Lawton, and had greatly increased in value since the establishment of the business, which was a long time before the agreement was made, so that at the time of the filing of the original bill the property owned by the partnership was in excess of $4,000. It is further stated as follows:

"Your oratrix further shows that at no time since the execution of said contract has there been a division between the parties thereto of the gross products of said farm, or of the products in kind: but all the products, consisting of hogs, cattle, butter, milk, and surplus grain, have been sold and converted into cash, and from the money derived from such sales the defendant has paid the running expenses of the business, purchased additional brood and stock animals, dairy and farm machinery and implements as required and agreed upon, and thereupon, on or about the 1st of each month, the said defendant, Lawton, has paid to or deposited in bank for account of the said Rogers one-half of the net remaining cash, after deducting all expenses and disbursements. Your oratrix further shows that all losses accruing to said parties by reason of the death of stock or otherwise have been shared equally between them, in like manner as they have shared the profits and expenses."

Allegations follow showing the death of F. D. Rogers and how complainant succeeds to his interest in the property, and it is claimed that the bill shows a partnership, and not a lease, which partnership was dissolved by the death of F. D. Rogers. An account is sought against Lawton as surviving partner. By an amendment to the bill the allegation as to the interest of complainant in the common property is made more specific, and the value of the balance of the term, assuming the agreement to be a lease, is stated.

Defendant filed a plea to the jurisdiction, for the purpose of showing that the amount in controversy did not exceed $2,000, exclusive of interest and costs, and was allowed to amend the plea to show the rental value of the farm and the value of the balance of the term. Assuming the plea to be true, it appears therefrom that the common personal property considerably exceeds $2,000, and I shall assume, without particular examination of the question, that the whole of the common property constitutes the amount in controversy, and that the court has jurisdiction. The amended plea to the jurisdiction is therefore overruled, and the jurisdiction sustained.

The important question is whether the amended bill states a partnership or a lease. This question is raised by the demurrer for want of equity. On the part of complainant it is argued that the agreement, as acted on and modified by the parties, by dividing money, instead of products, constituted a partnership, in which the common fund was the use of the land and half of the stock, implements, etc., contributed by Rogers, and the other half of the personal property and his own services contributed by Lawton. On the other hand, it is urged that the parties made a lease, created a term for a definite time, with a reservation of rent in kind; that the agreement clearly stipulates only for a division of gross returns, and not profits; that the custom of the parties to sell and divide the proceeds could not change such clear agreement to divide gross returns; and that, the instrument being in

the usual form of a lease, without any agreement to share profits, the intention of the parties to create the relation of landlord and tenant is clear.

There are several reasons why the relation is not, in my judgment, a partnership. The parties put their agreement in the form of a lease, thus showing their intention not to create a partnership. It is true that, if they had stipulated for the relation of partners and clearly created that relation, the fact that Rogers leased the land to Lawton would be unimportant. If they had clearly contracted for those things which make a partnership, they would have been partners, whatever they might have called themselves or each other. Woolworth v. Mc-Pherson, 55 Fed. 558; Rosenfield v. Haight, 53 Wis. 260, 10 N. W. 378, 40 Am. Rep. 770. But, as said by the Supreme Court in London Assurance Co. v. Drennen, 116 U. S. 461, 472, 6 Sup. Ct. 442, 29 L. Ed. 688:

"Persons cannot be made to assume the relation of partners, as between themselves, when their purpose is that no partnership shall exist."

Another reason is that the agreement is one for sharing gross returns, not profits. Lawton is to farm the land and "deliver up * * * one-half of all the products of the farm" to Rogers. No matter how much it may cost to farm the land "in a workmanlike manner," no matter how many hired men Lawton may need in order to do so, and without regard to whether there is any profit, Lawton must deliver to Rogers one-half of all the products of the farm. The rule that a contract to share gross returns negatives a partnership is well settled. Lindley on Part. 16, 17; 22 Am. & Eng. Encyc. of Law, 44, 45. Agreements like that in question here furnish a common instance of contracts to share gross returns. Id. 45.

It is argued, however, that the allegations of the bill show a waiver of the agreement to share gross returns, and establish a contract to share profits, as such. The allegations are that there never has been a division of gross products, or products in kind, but all such products have been sold, after paying expenses, and the money divided, and that all losses from the death of stock or otherwise have been shared equally. I do not think that this allegation shows a clear or positive modification of the agreement to share gross returns, or a clear or positive intent to change a term into a partnership. Probably this change was made as a mere matter of convenience, without any intention to change so vitally and radically the whole relationship. At all events the change is not so clear and unequivocal as to authorize a definite inference that a partnership was thus created, where none before existed, out of the leasehold. The bill does not allege that the agreement was modified by the conduct of the parties, but claims that the original written agreement itself constitutes a partnership. The allegation that all losses by the death of stock or otherwise have been equally shared is entirely consistent with the agreement that each should furnish half of the stock, etc.

Finally, there is nothing in the original agreement, or in the conduct of the parties in carrying it out, which reserves any control or influence of Rogers in the management of the business. Lawton is to farm the

land in a workmanlike manner. He is entirely responsible for this. What crops were to be planted, and how the business was to be managed, are left entirely with Lawton. Suppose a farm hand, employed to assist in haying, had been injured by Lawton's negligence; would Rogers have been liable? Having no responsibility, control, or influence in his selection, or direction, or in the selection of other workmen, it is clear he would not. Norton v. Wiswell, 26 Barb. (N. Y.) 618. To the effect that such an instrument as that in question does not create a partnership, see Strain v. Gardner, 61 Wis. 174, 21 N. W. 35; Foley v. S. W. Land Co., 94 Wis. 329, 331, 333, 68 N. W. 994; Rowlands v. Voechting, 115 Wis. 352, 91 N. W. 990; Simanck v. Nemetz, 120 Wis. 42, 45, 46, 97 N. W. 508; Warner v. Abbey, 112 Mass. 355, 360; Reeves v. Hannan, 65 N. J. Law, 249, 48 Atl. 1018; Walls v. Preston, 25 Cal. 60, 63, 67; Smith v. Schultz, 89 Cal. 526, 26 Pac. 1087; Schlicht v. Collicott, 76 Miss. 487, 24 South. 869; Alexander v. Zeigler, 84 Miss. 560, 36 South. 536; Day v. Stevens, 88 N. C. 83, 43 Am. Rep. 732.

The plea is overruled, and the demurrer sustained. The bill should be dismissed for want of equity.