LAYNG, Respondent, vs. STOUT and others, Appellants.

*January 13—February 3, 1914.*

*Landlord and tenant: Title to crops: Stipulation in lease: Validity:*
*Estoppel: Sale by a lessee to purchaser with notice: Conver-*
*sion: Receiving proceeds of sale: Appeal: Affirmance.*

1. A stipulation in a lease that title to the crops raised during each year on the leased premises shall vest in the lessor until such time as the rent shall have been paid, is valid.

2. The owner of personal property in possession of another may, by permitting the possessor to deal with it as his own, estop himself from asserting title against a *bona fide* purchaser; but that rule has no application where, although a lessee had

for several years been permitted to sell crops, receive the proceeds, and pay the rent therefrom, yet on the occasion in question, before the purchase was made, the purchaser had been advised of the lessor's claim of title and forbidden to purchase except upon condition that enough of the proceeds of the sale to cover the rent due be paid directly to the lessor.

3. In an action for the conversion of grain which, though belonging to plaintiff as the lessor of land, had been sold by her lessee, where it appeared that one of the defendants, with notice of plaintiff's rights, received and accepted from the purchaser of the grain, to apply upon an indebtedness of said lessee, a part of the proceeds of the sale which belonged and should have been paid to the plaintiff, a judgment against said defendant for the amount so received is affirmed upon appeal, although said defendant did not in fact convert the grain.

APPEAL from a judgment of the circuit court for St. Croix county: JAMES O'NEILL, Judge. *Affirmed.*

In August, 1906, the plaintiff and her husband, since deceased, leased a farm owned by the plaintiff to one Grimes for the term of five years from October 1, 1906. The lessee agreed to pay an annual rental of $300, to be paid from the produce raised on the farm. There was a slightly different provision made for the payment of rent during the first year from that relating to the subsequent years. As to the latter years, after reciting that the lessors should be entitled to proceeds derived from the sale of cream, the lease provided that the lessors "shall own, and sell in their own names, at such times as shall be selected by the party of the second part [the lessee], sufficient of the hay and grain grown on said premises in each of said years to pay the remainder of the rent due them on said premises for such year, after deducting the amount received by them for cream, as aforesaid, over and above the expenses which may be incurred by them in making each such sales, provided that the said times to be selected by the party of the second part for making such sale shall not be later than the first day of February following the summer in which such crops are grown."

The rent for the year ending October 1, 1911, was not paid and the tenant proceeded to sell a portion of the grain raised on the farm during the year 1911 to the New Richmond Roller Mills Company. The defendant *Stout* acted as buyer for this company and purchased the grain in question for it. There is substantially no dispute in the evidence which tends to and does show that *Stout* was advised by the plaintiff that she claimed to have the title to the grain raised on the farm or that she forbade *Stout* to purchase from the tenant except on condition that the proceeds derived from the sale of the grain be paid her up to an amount sufficient to pay what was due for rent. Neither is there any doubt that such claims were made known before the grain was purchased. Part of the proceeds of the sale was paid directly to the tenant. The tenant was indebted to the *Clear Lake Mercantile Company* for goods purchased at its store, and *Stout* was an officer of this corporation. He induced the tenant to direct the purchaser of the grain to pay $250 of the purchase price thereof to said *Mercantile Company.* Plaintiff brought an action for conversion against *Stout,* the *Clear Lake Mercantile Company,* and Grimes. At the close of the testimony the court directed a verdict against the *Mercantile Company* and its codefendants for $250 damages, and against Grimes and *Stout* for the additional sum of $8.85. These amounts with the sum paid on the sale of cream made up the $300 rental. *Stout* testified that in addition to the amount paid the *Mercantile Company* he paid other bills from the proceeds of the sale of the grain amounting to $49, and that in February, 1912, he delivered checks to Grimes for the balance due on the sale of grain, amounting to $222. Defendants appeal from a judgment entered on this verdict.

For the appellants there was a brief by *H. H. Dean* and *F. M. White,* and oral argument by *Mr. White.*

For the respondent there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally.*

BARNES, J.  A number of propositions are advanced by the appellants, and many authorities are cited to support them.  We think the judgment appealed from is correct, and will simply state the reasons why we think so.

It is very evident that the parties intended to agree that the title to the crops raised during each year should vest in the lessors until such time as the rent was paid and that thereafter all interest of the lessors therein should terminate. There is nothing ambiguous about the lease.  We are in the dark as to any valid reason why the parties might not make a legal contract to this effect.  It is true that, as between landlord and tenant, in the absence of any express agreement to the contrary, the title to the crops ordinarily vests in the tenant.  But where a landowner is about to lease his land, why may he not contract that the title to the crops raised thereon shall vest in the owner of the soil that produced them? It would seem to be entirely consonant with reason to so hold, and the authorities pretty uniformly do hold that such stipulations are valid.  *Andrew v. Newcomb,* 32 N. Y. 417; *Smith v. Atkins,* 18 Vt. 461; *Bellows v. Wells,* 36 Vt. 599; *Whitcomb v. Tower,* 12 Met. (Mass.) 487; *Lewis v. Lyman,* 22 Pick. 437; *DeVaughn v. Howell,* 82 Ga. 336, 9 S. E. 173; *Durham v. Speeke,* 82 N. C. 87; *Fox v. McKinney,* 9 Oreg. 493.  The rule announced in these decisions is approved in *Lanyon v. Woodward,* 55 Wis. 652, 656, 13 N. W. 863, and in *Rowlands v. Voechting,* 115 Wis. 352, 356, 91 N. W. 990. Counsel for appellants suggest that the case of *Andrew v. Newcomb, supra,* was overruled by *Rochester D. Co. v. Rasey,* 142 N. Y. 570, 37 N. E. 632.  This is a mistake.  The later case did not involve the relation of landlord and tenant, but the validity of a chattel mortgage given on crops not in existence, to a person other than the landlord.  Instead of overruling it approved the earlier case.

It is said that for a number of years the lessors permitted the tenant to sell the crops and draw the money therefor and

pay the rent out of the proceeds, and that therefore the tenant made sale of the grain in 1911 with the knowledge and approval of the landlord and that plaintiff must pursue her remedy against him. It is well established that the owner of personal property in possession of another may permit the possessor to deal with it in such a way as to estop himself from asserting title against a *bona fide* purchaser. This rule of law has no application to the instant case, because all of the defendants were chargeable with knowledge of the rights of the plaintiff. While the New Richmond Roller Mills Company might purchase the grain, it acted at its peril when it paid any one therefor except the plaintiff until her claim was satisfied. The *Clear Lake Mercantile Company* had no right to the proceeds of this sale as against the plaintiff and accepted the same with notice of her claim thereto. It may well be doubted whether it could be said that this latter corporation converted the grain. If it converted anything, it would seem to be the money derived from the sale of the grain. But all of the facts in reference to the transaction were before the court, and there is no dispute as to the material facts. They show that this defendant received $250 which belonged and should have been paid to the plaintiff, and that all of the defendants were clearly liable for the amounts adjudged against them. There being no error in the pleading or procedure which affected the substantial rights of the appellants, the judgment should be affirmed under sec. 3072m, Stats.

　　*By the Court.*—Judgment affirmed.