ON SUGGESTION OF ERROR.
In the former decision, we held that, where one person was working land for another on shares, the landlord *Page 94 
furnishing the house, land, and farming implements, and the tenant the labor, each having one-half of the crop produced, the relation of landlord and tenant existed, and that replevin by the tenant against the landlord for the possession of his share of the crop was maintainable.
In the suggestion of error it is contended that the joint owners of property have each an equal right to the possession of the joint property, and that replevin will not lie in favor of one as against the other, citing Holton v. Binns, 40 Miss. 491, and Doty v. Heth, 52 Miss. 530, and contending that these decisions have not been clearly overruled in Schlicht v. Callicott, 76 Miss. 487, 24 So. 869, and Alexander v. Zeigler,84 Miss. 560, 36 So. 536. In support of this argument, counsel cite and rely upon Staple Cotton Co-op. Association v. Hemphill,142 Miss. 298, 107 So. 24, 26, wherein we said that "There seems to be some difference in the holding of this court in Doty v. Heth,52 Miss. 530, and the holdings in Schlicht v. Callicott, 76 Miss. 487, 24 So. 869, and Alexander v. Zeigler, 84 Miss. 560, 36 So. 536. The first case, Doty v. Heth, seems to hold that the landowner and the share cropper are cotenants of the farm products grown upon the premises, while the last two cases seem to hold that the relation of landlord and tenant exists, and that the rights of third persons are governed by the law of landlord and tenant. Without undertaking to decide which is the correct holding, but treating the case as though the landowner and the share cropper were cotenants, but not so deciding, we think the suit of the plaintiff must fail, because it is not entitled to the immediate possession of the property to the exclusion of the tenants, and that it must be entitled to the immediate possession of such property as against both the landlord and the tenant, and the landowner and the share cropper, before it is entitled to the remedy by replevin created by chapter 275, Laws of 1924. Under the provisions of that statute . . . it is provided that all co-operative marketing *Page 95 
associations organized or doing business under the laws of the state of Mississippi may obtain possession of personal property to the immediate possession of which they may be entitled."
In the case of Holton v. Binns, 40 Miss. 491, it was held that joint owners of personal property have each an equal right to the possession of the joint property. It is in no wise applicable to the suit before us now.
The decision in Doty v. Heth, 52 Miss. 530, was not based on replevin, but it was a suit in the chancery court to establish a lien. The pronouncement that share croppers and landlords were cotenants, if authority, was overruled by Alexander v. Zeigler,84 Miss. 560, 36 So. 536, and impliedly overruled by the case of Schlicht v. Callicott, 76 Miss. 487, 24 So. 869, these two cases being later than the case of Doty v. Heth, and are necessarily controlling. What we said in the case of Staple Cotton Coop. Association v. Hemphill, 142 Miss. 298, 107 So. 24, is not authority for the proposition contended for. That case, on its facts and the law applicable thereto, was properly decided, and it was not necessary to harmonize Doty v. Heth and Alexander v. Zeigler, supra. Had we then been required to determine whether they were inconsistent, and which were the prevailing cases, we would have been compelled to hold that Alexander v. Zeigler,84 Miss. 560, 36 So. 536, was authority, and that the prior cases had been modified or overruled by that case.
It is clear to us that the relation between the landowner furnishing the house, land, and farming implements, and the share cropper furnishing the labor, is properly the relation of landlord and tenant, and that the tenant has the right to the possession of the crop grown, subject to the landlord's lien. His rent is measured by the amount of the crop, and it is the duty of the tenant to turn over to the landlord his share of the crop as rent for the premises. It is still true that, as between cotenants and *Page 96 
tenants in common, each is entitled to possession, but not to the exclusion of the other, and remain joint tenants until a division is made or partition proceedings instituted. That doctrine in no manner conflicts with the pronouncement in Alexander v. Zeigler, supra.
It follows that the suggestion of error should be and is overruled.
Suggestion of error overruled.