JAMES W. GASKINS et al. *v.* BENSON BLAKE.

B. was in possession of a certain tract of land in the years 1844–1845, which land was sold on the 17th of February, 1845, for the taxes assessed on it for the year 1844, the assessment being in the name of "James W. Gaskin's estate," and the amount of taxes due on the land was $14.70 ; B. was in possession of the land when it was sold, and became the purchaser, and the yearly rent of the land was worth considerably more than the taxes due on it at the time it was sold : — *Held*, that the purchase, and deed in pursuance thereof, conferred no such title on B. as will defeat the right of the owner of the land to recover it in an action.

The indebtedness of B. to the owner of the land for rent, operated as an immediate redemption of the land, and his tax deed became instantly inoperative. *Held*, that the rule is the same whether B. was in possession as tenant by contract, as trespasser, or claiming to be owner of the land.

ON appeal from the circuit court of Warren county ; Hon. R. Barnett, judge.

This was an action of ejectment, commenced in the circuit court of Warren county, on the 31st of August, 1850, by James W. and Elizabeth Gaskins, minor heirs of James W. Gaskins, deceased, by their next friend, to recover of Benson Blake four hundred and thirteen acres and a fraction of land, lying in Warren county.

On the trial, it was proven that James W. Gaskins died in 1841, seized and possessed of the land in controversy, and that the plaintiffs in error were his only children and heirs at law. That defendant Blake took possession of the land in 1843 or 1844, and had held and cultivated it ever since; and when he entered into possession, there were from fifty to seventy-five acres cleared, with a dwelling-house and several out-houses upon it, and the annual rent was worth three or four dollars per acre for the cleared land.

The defendant Blake relied upon his purchase at the tax sale to defeat the plaintiffs' right to recover, and it was shown that E. B. Scarborough, sheriff and tax collector of Warren county, on the 17th of February, 1845, sold and conveyed the land in controversy to the defendant for $16.64, for the

Gaskins et al. *v.* Blake.

taxes due by James W. Gaskins' estate for the year 1844. It was proven that the land belonged to infants, and that the taxes due thereon were $14.70, and that Blake became the purchaser of the land for the taxes due.

The plaintiffs in error asked the court to give the following instruction to the jury, which was refused by the court: "If the jury believe from the evidence, that the defendant was in possession of the land in 1844, and continued in possession until 1845, when he purchased it at the tax sale, and that the reasonable rent of the land from the time defendant took possession of it until the day of sale was worth as much or more than $14.70, the amount of the defendant's bid, such purchase and deed made in pursuance thereof conferred on the defendant no such title as will defeat the plaintiffs' right to recover in this case."

The circuit court refused to give the above instruction, and the jury found a verdict for the defendant Blake, and the plaintiffs appealed to this court.

*T. A. Marshall,* for appellants,

Filed an elaborate brief, and referred to the following authorities. Acts of Legislature, 1841, § 4, p. 52; 7 Conn. R. 554; *Isham* v. *McIntyre,* 1 Bibb, 295; *Stansberry* v. *Taggart,* 3 McLean, 463; *Baskins* v. *Winston,* 24 Miss. R. 431.

*J. Sherley,* on the same side,
Filed a written argument.

*F. Anderson,* for appellee,

In reply, cited and commented on 10 Wend. 346; Acts of Legislature, 1842, § 5, p. 51; 3 Mass. R. 230; 10 Pick. 75.

*W. A. Lake,* on the same side,
Cited 1 Pick. 109.

Mr. Justice FISHER delivered the opinion of the court.

This was an action brought under the pleading act of 1850,

in the circuit court of Warren county, to recover a tract of land in the possession of the defendant.

Though many questions have been discussed with ability by the counsel of the respective parties, we deem it unnecessary to decide them, as the merits of the case can be as fully decided upon the third instruction asked by the counsel of the plaintiff, and refused by the court. This instruction will be noticed at the proper time.

After the testimony in chief had closed on the part of the plaintiffs, the defendant introduced as his only evidence of title, a deed made by the tax collector of Warren county, showing that said land was sold on the 17th of February, 1845, for the payment of the taxes assessed thereon for the year 1844. The land appears to have been assessed to " James W. Gaskins' estate," by the commissioner appointed under the provisions of the act of 1842. The taxes due, as appears by the testimony, amounted to $14.70. The defendant appears to have been in possession of the land during the year 1844. It also appears that there were at that time about fifty acres of cleared land, and that it was worth yearly as rent from three to four dollars per acre.

As applicable to this testimony, the court was asked to give the third instruction, already referred to, the language of which is as follows: " If the jury believe from the evidence, that the defendant was in possession of the land in 1844, and continued in possession until 1845, when he purchased it at the tax sale, and that the reasonable rent of the land from the time defendant took possession of it until the day of sale, was worth as much or more than $14.70, the amount of the defendant's bid, such purchase and the deed made in pursuance thereof, conferred on the defendant no such title as will defeat the plaintiffs' right to recover in this case."

We are at a loss to perceive upon what principle the court refused this instruction. If the relation of landlord and tenant existed between the plaintiffs and the defendant, then it is clear that he was indebted to the plaintiffs at the date of his purchase in an amount greatly exceeding the amount of taxes due, and

conceding for the sake of the argument, that while occupying this relation he could legally purchase the land at the tax sale, his indebtedness to the plaintiffs would operate as an immediate redemption, and his deed become instantly inoperative. But it is said that there is no proof showing that this relation in fact existed, and that the defendant therefore had a right to purchase. It is true the testimony is silent on this subject, but it is not seen how the case can be made more favorable for the defendant. He must either have been in possession as a tenant by contract, as a trespasser, or as an owner of the land. The law will not permit him to say that he was in possession as a wrongdoer; or if it were so to permit him, so far from favoring his purchase would rather construe it into an aggravation of the original wrong. While in possession, he was the person on whom the officer would be most likely to call for payment of the taxes, and whether this possession was legal or illegal, his duties were the same in regard to the true owner of the land.

But suppose the defendant was in possession claiming the land as his own, the case would still be the same; he would then be the party bound to pay the taxes, and if he permitted the land to be sold, his purchase would only confer on him his previous title, without in any manner interfering with the title of other persons, especially under the facts of this case, where it is not pretended that the land was assessed to the plaintiffs. It is immaterial, therefore, in what light the question may be viewed. If the defendant is treated as a tenant, then his deed clearly gave him no title. If he take the ground that he was a trespasser, neither the policy of the law, or sound morality, will permit such a defence.

And finally, if he take the ground that he supposed himself to be the owner of the land, then, to be consistent with such position, he must admit that it was his duty to pay the taxes, and that the plaintiffs were not in this respect in default.

Many other questions are presented for consideration; and the ability with which they have been argued would perhaps greatly lessen the labor of the court in deciding them, but as

it is not believed that they can have any important bearing on
a future trial of the cause, they may safely be left where we
prefer leaving them, as open questions.

Judgment reversed, new trial granted, and cause remanded.