During the year 1932, Jim Williams, the husband of Fannie Williams and the father of the other plaintiffs, grew a crop of cotton on shares, or halves, upon the land of the appellee, J.B. Sykes. Williams made eleven bales of cotton that year. Three bales were turned over to the government for the purpose of satisfying a loan, and the government allowed Williams therefor nine and one-half cents per pound. Three bales were turned over to Sykes, and the remaining five bales were placed upon the *Page 91 
premises of Sykes' father, in which five bales Sykes had a one-half interest, and the widow and children of Jim Williams were entitled to one-half. Demand was made by them upon J.B. Sykes for the two bales of cotton involved in this suit, which demand was refused; a writ of replevin was sued out; the property was seized; and bond was given by Sykes.
There was a plea of abatement filed in the justice of the peace court alleging that Jim Williams died intestate on the ____ day of December, 1932, and that no letters of administration had been taken out upon his estate. The judgment there was in favor of the plaintiffs.
An appeal was taken to the circuit court, where it was testified to by the plaintiffs that they had made demand upon Sykes for the cotton, which had been refused, and that the writ of replevin was issued after such refusal, and that Jim Williams had no other property than the cotton, having inadequate household, in addition to the cotton, to make up the exempt property allowed by law. It was further testified to that the three bales of cotton, above mentioned, had been turned over to the government to satisfy their loan, and there was a check for the difference between the amount borrowed and the price of the cotton sent, payable to Jim Williams by the government, which Williams placed in the bank in the name of J.B. Sykes; but, prior to Williams' death, he had drawn out the money through the signature of Sykes. That after turning over to Sykes three bales, there were five bales left, and that the plaintiffs owed some one an account, and they left the fifth bale, of which they owned one-half and Sykes one-half, to be applied on the debts owing by Williams. It further appeared that Sykes claimed he should have one-half of the advanced price paid for the cotton by the government over the local price at which the cotton was sold where the parties lived.
It was admitted that no letters of administration had *Page 92 
been taken out, and at the conclusion of the evidence a motion was made for a directed verdict, which motion was sustained by the court, from which this appeal is prosecuted.
The grounds upon which the motion for a directed verdict were based are as follows:
1. The plaintiffs were attempting to bring the replevin suit without having first administered on said property.
2. Substantially the same ground.
3. Because there was no identification of the property attempted to be recovered, as required by law.
4. Because the evidence does not show that the plaintiffs are entitled to the immediate and exclusive possession of the property replevied.
5. The proof shows that if the plaintiffs have any interest in the property replevied, it is a joint interest with their landlords, the defendants, and a replevin will not lie.
6. The proof shows that the relation of landlord and tenant existed between Jim Williams and Sykes, and that the cotton had not been separated between landlord and tenant. And
7. That the property attempted to be replevied grows out of the relation of landlord and tenant and is governed by the proceedings under the chapter on Landlord and Tenant.
Under section 1410, Code 1930, exempt property, both real and personal, descends to the wife and children of the deceased. Under section 1656, Code 1930, appraisers of the estate, where there is administration, must set aside to the widow and children the property exempt by law, and further provides that such action of the appraisers shall not be necessary to the title of the widow and children to the exempt property, which shall vest in them by operation of law on the death of the husband and father. In addition to the exempt property being set *Page 93 
aside in administration proceedings, a year's support for the wife and children is also set aside.
As the proof in the case at bar shows there was no other than exempt property, and the title to the property involved vested in the wife and children by operation of law, no administration was necessary to recover this property.
Under section 1766, Code 1930, as amended by Laws 1931 (Ex. Sess.), chapter 18, exempt property of the value of two hundred fifty dollars may be selected by the exemptionists.
Under these sections, the title of the wife and children to this exempt property vested by law; no administration was necessary, and they had a right to the possession of the property on demand. See Alexander v. Zeigler, 84 Miss. 560, 36 So. 536, where it was held that replevin would lie to secure property where the relation of landlord and tenant existed, and therefore it was not necessary to take any proceedings under the landlord and tenant chapter.
The plaintiffs being entitled to one-half of the cotton, it was the duty of the defendant, on demand, to deliver their one-half to them.
As the plaintiffs' proof appears in the record undisputed, the defendant having introduced no testimony at all, it was error for the court below to grant a directed verdict and thereon render judgment. The judgment is, therefore, reversed, and the cause remanded for a new trial.
Reversed and remanded.