VAUGHAN *et al. v.* McCool *et al.*

(Division A.   Oct. 9, 1939.)

[191 So. 286.   No. 33761.]

Ruth Campbell, of Yazoo City, for appellants.

**R. H. Nason,** of Belzoni, for appellees.

**Griffith, J.,** delivered the opinion of the court.

The land in question was owned by Patrick Vaughan, who died intestate leaving his wife and six children as his sole heirs at law. The widow subsequently died intestate, so that her interest went to the six children, all as tenants in common. Gertrude, one of the children and owning a one-sixth undivided interest as a tenant in common, remained on the land, all the others having gone elsewhere. Gertrude has a son named Creed Mc-Cool, who remained on the land with her; and during the years 1931 and 1932 he cultivated the entire property under a so-called share-cropper contract with his mother. The terms or precise nature of this arrangement is not shown. There is no sufficient evidence, if it may be said that there is any evidence at all, that any of the other co-tenants joined in this contract or authorized it or knew anything of the particulars thereof, or that they subsequently ratified it, although one of them said that she supposed the arrangement was such as in any event to first take care of the taxes. Creed paid no rent to any other than his mother, and the share or amount paid to her for the stated two years is not disclosed. The testimony shows, however, that a fair annual rental or compensation for the use and occupation exceeded the annual taxes. The testimony is ample to show that Creed knew his mother was only a cotenant of an undivided part of the property.

The land was assessed for taxes for the year 1931 to the Pat Vaughan Estate, and the taxes not being paid, the entire property was sold to the State at the tax sale of 1932. After the period of redemption had expired, Creed McCool obtained a forfeited tax land patent for it. The bill before us is by several of the tenants in common, making the others defendants, and, in its principal aspect, is to set aside or cancel the patent obtained by Creed; and we are of the opinion that the bill should have been sustained.

The rule in this State, as declared in the early case Gaskins v. Blake, 27 Miss. 675, is that a party, who occupies the lands of another under such circumstances as will impose upon him in the law an obligation to pay to the owner or owners a reasonable sum as compensation for the use and occupation, is disqualified during such occupancy to purchase the land at a tax sale when the occupant is delinquent in whole or in part in the payment for the said use and occupation, and especially so when the use and occupancy is worth more than the amount of the taxes. In this State many, if not most, owners of lands occupied by others, look, and must look, to the income from the lands out of which to pay the taxes thereon; wherefore it may justly be said that when an occupant due to pay to the owner a compensation for the use and occupation fails to do so and the land becomes delinquent of its taxes, the occupant has contributed to the delinquency and, in consequence, may not profit thereby.

Appellee says, however, that he was a mere sharecropper on the land, was therefore to be classed as a laborer thereon who was paid for his labor by a share in the crop, and that he was under no obligation to pay for the use and occupation, that obligation being solely that of his mother for whom he worked. Appellee cites Doty v. Heth, 52 Miss. 530. There is nothing in the record, however, to show that the crop-sharing contract between Creed and his mother was any different from those in

Schlicht v. Callicot, 76 Miss. 487, 24 So. 869, or Alexander
v. Zeigler, 84 Miss. 560, 36 So. 536, or Williams v. Sykes,
170 Miss. 88, 93, 154 So. 267, 727, in each of which it was
held that the relation of landlord and tenant existed.
The facts, as already mentioned, are not developed on
this point; but it makes no difference, for the reason that
the contract under which appellee claims to have been a
mere share-cropper was made solely with his mother, who
was the owner as a tenant in common of only an undi-
vided one-sixth interest in the land and, as already said,
it is not shown that she had any authority from her
cotenants to make any contract with appellee or any
other person for the use and occupancy of any more than
that which was the equal of her portion or share.

A tenant in common, not authorized thereto by his
cotenant, cannot execute a lease of more than his own
interest in the common property that will bind them
without subsequent ratification, even though the tenant
in common attempting so to lease is in possession of the
whole land. 62 C. J., pp. 536-7; Miles v. Fink, 119 Miss.
147, 152, 80 So. 532. Within this rule it follows that one
unauthorized tenant in common cannot make a valid
share-cropper's contract for the whole land; and an oc-
cupant working the whole land under such a contract
would be a tenant at will as to the undivided portions of
the other co-owners, under the general principle that
when one goes into the use and possession of land under
an inoperative or invalid contract or lease, his tenancy
so long as so held is a tenancy at will. 35 C. J., p. 1124,
and cases cited in the notes. And being such a tenant
and producing crops thereby, he is liable to the several
co-owners in their respective portions for the reasonable
value of the use and occupation of those portions. 66
C. J., p. 92. Appellee, the tenant at will, admits, as al-
ready stated, that he paid nothing to the owners of the
undivided five-sixths interest in the land.

Appellee was disqualified to purchase the interest of
his mother's cotenants in the common property at the

tax sale, and thus was disqualified to acquire the State's title derived therefrom. His attempt so to do amounts only to a redemption.

With this principal question disposed of, the other issues can be better developed and determined on a new hearing, hence we decide nothing as to them.

Reversed and remanded.