HIGGINS LUMBER Co., et al. *v.* ROSAMOND, et al.

Mar. 16, 1953

No. 38550 24 Adv. S. 28 · 63 So. 2d 408

*Sims & Sims* and *Cunningham & Cunningham,* for appellant.

*Roger Landrum, Fred B. Smith* and *Sams & Jolly,* for appellees.

4

LEE, J.

Dexter A. Higgins, doing business as Higgins Lumber Company, filed his suit in the Circuit Court of Lowndes County against William I. Rosamond and Adair Cox for the recovery of damages.

The substantial allegations of the declaration were that he entered into a contract with the City of Columbus to construct a nursery building; that Rosamond was the architect of the city, planned the building, and was to supervise its construction with the aid and cooperation of Cox, the city engineer; that these defendants were under the duty to him and to the city to run the levels and establish the batter boards for the foundation level of the building; that they negligently failed to comply with the plans and specifications in that Cox negligently

laid the floor level sixteen inches lower than called for by the plans and specifications, and that Rosamond, after looking it over, negligently directed Higgins to go forward with the building; that he completed the building, and, on the advice of the defendants, his work was approved, though he was not paid; that some time later, the architect of the company which expected to use the building discovered that the floor level was sixteen inches too low, and advised that the company would not use the building until or unless modifications were made; that he was thus compelled to make changes in the building, the cost of which amount to $9,739.51, and that such expenditure was the direct and proximate result of the negligence of the defendants.

Copies of the contract and specifications, of the architect's original letter approving the work and of his subsequent revocation thereof, were attached to the declaration as exhibits. While Article 17 of the contract provided that: "The architect shall have general supervision of the work", yet under Section 3 (a), Article 9 of the general and special conditions and specifications, nothing in the exhibits substantiated the allegations of the declaration that Higgins was required, by the terms of his contract, to obey and follow the orders of Rosamond and Cox. On the contrary, by the terms thereof, he was required to ". . . locate all general reference points . . . lay out his own work and be responsible for all lines, elevations and measurements of buildings, . . . He must exercise proper precaution to verify figures shown on drawings before laying out work and will be held responsible for any error resulting from his failure to exercise such precaution."

Demurrers of the defendants to the declaration were sustained.

Higgins then sought leave to, and did, amend his declaration so as to allege in substance that Cox came upon the ground, and with his instruments, undertook to

survey, lay out and establish the floor level for the foundation of the building, and assured Higgins that such level was properly laid out according to the blueprints and specifications, with which he claimed to be familiar; that Rosamond then came upon the ground and undertook to verify Cox's work, and after going over it and having every opportunity to know whether the said level was properly run, assured Higgins that it was properly run and established, and procured him to go ahead with the construction of the building, in accordance with the level so laid out, established and approved by the defendants, who were skilled and experienced in that kind of work. He struck all averments of the original declaration which were inconsistent with the averments of the amended declaration.

Demurrers to the amended declaration were sustained, and on the refusal of the plaintiff to plead further, a final judgment, dismissing the case, was entered. From that action, Higgins appeals.

One ground of the demurrer and appellees' principal contention here is that there is no liability against them because they were employees of the city, and there was no privity between them and Higgins. They cite Miss. Power & Light Company v. Smith, 169 Miss. 448, 153 So. 376; Mullican v. Meridian Light & Railway Company, 121 Miss. 806, 83 So. 816; Feltus v. Swan, 62 Miss. 417, and other authorities from this and other jurisdictions. In view of the observations to be hereinafter stated, we think that those authorities are not applicable here.

It must be kept in mind that if the declaration ". . . contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient . . .", Section 1464, Code of 1942.

The declaration, as amended, did not seek to recover on account of the violation of some supposed right which Higgins had under his contract with the city. On the

contrary, it charged, in effect, that Rosamond and Cox were skilled and experienced in the matter of constructing buildings; that they understood and could interpret blueprints and specifications; that Cox laid out the foundation levels; that Rosamond verified the figures at which Cox had arrived; and that Higgins relied upon their assurances and constructed the building as laid out by them. The plans were not followed, but actually there was a departure from them.

Since there was no duty under Higgins' contract with the city which required Cox to lay out the foundation level or which required Rosamond to inspect and verify the same, the effect of the allegations of the amended declaration was to charge that the acts and conduct of Rosamond and Cox were, in fact, gratuitous.

The case, therefore, hinges on the duty of a gratuitous agent or employee and whether or not he is liable for a breach of such duty.

In Meyerson v. New Idea Hosiery Company, 115 So. 94, an Alabama case, it is said: "It is a familiar principle of the law of agency that, ▮▮▮ when one party intrusts the transaction of a matter of business to another who enters upon the execution of his agency, though the undertaking is gratuitous, and does it amiss through want of due care, and as a proximate consequence of such negligence damage ensues to the principal, the agent is liable to the principal in an action on the case as for such misfeasance."

In 2 Am. Jur., Agency, Section 275, page 220, it is said: "The fact that an employee or agent acts gratuitously does not relieve him of liability for wrongful acts or negligence." The text then cites Meyerson v. New Idea Hosiery Company, supra, and adopts the principle announced in that case. To the same effect is 35 Am. Jur., Master and Servant, Section 101, page 531.

In Restatement of the Law of Agency, Section 378, page 835, the following statement as to gratuitous under-

takings is found: "One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service or, while other means are available, to give notice that he will not perform. Comment: a. Causing reliance. If a person, by promising or undertaking to do definite acts of service for another, realizes or should realize that it is substantially certain that the other will refrain from doing such acts for himself or securing alternative services then available, the person so promising or undertaking becomes subject to liability for harm resulting from his undertaking and subsequent failure." See also Section 379, (2) thereof as follows: "Unless otherwise agreed, a gratuitous agent is under a duty to the principal to act with the care and skill which is required of persons not agents performing similar gratuitous undertakings for others."

In 38 Am. Jur., Negligence, Section 21, page 663, it is said that: ". . . a contractual relation between the parties is not necessary to the existence of a duty the violation of which may constitute actionable negligence, where the relation which is requisite to the existence of a duty to exercise due care, is to be found in something else."

In Potter v. Gilbert, 115 N. Y. Supp. 425, a suit against the architect for damages on account of the death of a workman, occasioned by the collapse of one of the walls, it was recognized that: "If the architect were guilty of any affirmative act which contributed to the accident, as by directing a departure from the plans and specifications . . . he would doubtless be liable."

Prosser on Torts, under the topic Acts and Omissions, pages 190 et seq., treats of the principle of voluntary assumption of duty by affirmative conduct. He gives

the following illustration, with its legal aspects: "If a man who is ill or intoxicated, and unable to look out for himself, is ejected into the danger of a railroad yard, it is clearly 'misfeasance', and there will be liability if he is injured. But further, if the defendant attempts to aid him, and takes control of the situation, he is regarded as entering voluntarily into a relation of responsibility, and hence as assuming a duty. Thereafter he will be liable for any failure to use reasonable care in dealing with him, until the emergency has ended, and particularly if he abandons him in a position of danger." Pages 194 and 195 thereof. He points out that it is not easy to state in general terms the precise point to which a defendant may be said to have assumed such a duty, but observes that: "In many cases the court has laid stress upon the fact that the plaintiff has relied upon the conduct of the defendant to his damage, and has indicated that this is essential to liability." He then states that: ". . . there is authority that where the defendant has reason to expect such reliance to the plaintiff's detriment, even a mere gratuitous promise will be enough to create a duty, for the breach of which a tort action will lie." Page 196 thereof.

See also 65 C. J. S., Negligence, Section 20, pages 427 and 428, where it is said: "A false statement negligently made may be the basis of a recovery of damages for injury or loss sustained in consequence of reliance thereon, but it is not every casual response or every idle statement, no matter how damaging the result, which will give rise to a cause of action."

 Based upon the foregoing authorities, we are of the opinion that the amended declaration sufficiently stated a case as against the demurrers inasmuch as the allegations of the amended declaration must be taken as true.

Appellees also contend that the gross negligence of Higgins was solely responsible for the error in question

and that such negligence is a complete bar to any recovery by him.

No response to this point is necessary except to say that such defense is an affirmative one, and, if it is applicable in this cause, the effect thereof must be determined by the proof. This defense did not constitute a sufficient basis on which to sustain the demurrers. See Sections 1454 and 1455, Code of 1942.

From what has been said, it follows that the trial court was in error in sustaining the demurrers to the amended declaration, and, for such error the cause must be, and is, reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Lotterhos, JJ.,* concur.