TILLMAN, et al. *v.* RICHTON TIE & TIMBER CO.

No. 39687          June 13, 1955          80 So. 2d 745

*Boydstun & Boydstun,* Louisville, for appellants.

*Sidney B. Majure*, Richton, for appellee.

LEE, J.

The bill of complaint in this case was by Mrs. Mabel Tillman and others, claiming to be the sole heirs of John Palmer Tillman, deceased, against Richton Tie and Timber Company, a corporation, and others. Stripped of repetition and redundancy, the bill as amended and the exhibits thereto, in substance made the following allegations: That John Palmer Tillman, on November 12, 1928, by a warranty deed from H. A. Bouchillon and others, acquired a life estate in forty-six acres of land in Section 27 and eighty acres in Section 28, Township 15 North, Range 13 in Winston County, Mississippi, as therein described, and that under the terms of the conveyance the complainants became the remaindermen; that the land sold to the State for taxes on April 4, 1932, for the taxes of 1931; that thereafter on November 26, 1932, Tillman and wife conveyed the land to J. R. Cutts, who in turn conveyed to Z. A. Brantley, trustee, and who in turn conveyed to E. L. Woodruff; that while E. L. Woodruff was the owner, the tax title ripened in the State; that on October 18, 1935, John Palmer Tillman purchased the land in Section 27 from the State, and that on May 7, 1936, M. A. Woodruff, as the agent of E. L. Woodruff, purchased the land in Section 28 from the State; that on December 9, 1936, E. L. Woodruff, who had obtained M. A. Woodruff's title, conveyed the land in Section 28 to John Palmed Tillman, who then had title to the whole one hundred and twenty-six acres, but that such title was only for a life estate — no more than he possessed from the outset; that on October 9, 1937, John Palmer Tillman and wife conveyed the land by gen-

eral warranty to E. L. Hyde, who in turn, with his wife M. E. Hyde, on January 28, 1938, conveyed the land with general warranty to Willis Jones, a brother of M. E. Hyde, but that such deeds in fact conveyed only a life estate; that Willis Jones in the autumn of 1946 abandoned his life estate and turned the property back to E. L. Hyde; that M. E. Hyde then became the owner, and on January 1, 1947, claiming to be the owner of a life estate therein, she executed to James Eubanks a written lease theron for a period of three years; that although she was the owner, the assessment of the property appeared in the name of Willis Jones, her brother, and she did not pay the taxes, but let the land sell for the taxes of 1947 on April 5, 1948, at which sale, she became the purchaser; that two deeds to the land in question were executed to her by the chancery clerk on September 23, 1953, pursuant to the sales on April 5, 1948; and that her acts in failing to pay the taxes and in purchasing at the tax sale were done with the intent to defraud the remaindermen. Fraud was also charged by reason of the acts of E. L. Hyde, M. E. Hyde and Willis Jones in connection with the property.

Thus it was charged that John Palmer Tillman originally obtained title to only a life estate; that after he reacquired title to one of the parcels from the State, and the other from E. L. Woodruff, a life estate only was again vested in him; that his subsequent conveyance to E. L. Hyde, and the conveyance thereunder by E. L. and M. E. Hyde to Willis Jones were in fact only for a life estate; that M. E. Hyde, as the owner on January 1, 1947, should have paid the taxes but that she fraudulently failed to do so in order to acquire a better title; but that the tax sale gave her no better title than she had prior thereto; and that by purchasing at the tax sale, she is deemed to have done so in order to discharge her obligation to pay the taxes; that at the death of John Palmer Tillman on August 9, 1953, M. E. Hyde's life estate in the land expired; and at the time she sold the timber to

Richton Tie and Timber Company, she in fact had no title or interest therein.

There was a prayer for an adjudication that the complainants are the owners of the land, that all adverse claims be cancelled, and that a recovery for rents and for the value of the timber be awarded.

The defendant Richton Tie and Timber Company filed a special demurrer, assigning as grounds therefor that the bill of complaint showed on its face that M. E. Hyde, the grantor of its timber deed, had a good title to the land in question by reason of the two deeds from the chancery clerk; and that it was a bona fide purchaser of the timber for value from M. E. Hyde.

On the hearing, the court sustained the demurrer, dismissed the bill, and granted an appeal to this Court.

It is not necessary to comment here about the nature of the title which was derived from the first tax sale. The land was assessed for 1931 to John Palmer Tillman, and it was his duty, as the owner of the life estate, to pay the taxes. Magee v. Holmes (Miss.), 70 So 2d 60. When he reacquired the land by a patent from the State and a deed from E. L. Woodruff, he must be deemed to have done so in order to redeem the life estate, which had been lost because of his failure to pay the taxes.

Since a demurrer challenges the legal sufficiency of the stated cause of action, it is elemental that the allegations of fact, which are well pleaded, must be taken as true.

Now it was alleged that M. E. Hyde, on January 1, 1947, was the owner of a life estate in the land. She of course was under the duty to pay the taxes for that year, Magee v. Holmes, supra, as liability therefor was fixed and the lien thereon attached as of that date. Sections 9744-5, Code of 1942. Inasmuch as she failed to pay the taxes, but instead purchased the land at the tax sale on April 5, 1948, she thereby only acquired her

previous title to a life estate. Gaskins v. Blake, 27 Miss. 675.

For cases in which purchases by interested parties at tax sales have been greatly circumscribed, compare Robinson v. Lewis, 68 Miss. 69, 8 So. 258; Wise Brothers v. Hyatt, 68 Miss. 714, 10 So. 37; Smith v. Cassidy, 75 Miss. 916, 23 So. 427; Vaughan v. McCool, 186 Miss. 549, 191 So. 286. See also Pool v. Ellis, 64 Miss. 555, 1 So. 725, where it was held that the purchaser of land at an administrator's sale, who paid a part of the consideration and went into possession before the sale was confirmed, could not, in his effort to prevent loss from his improvident payment to the administrator before confirmation, acquire full title to the land at a subsequent tax sale.

Insofar as the question of a bona fide purchaser is concerned, that was an affirmative defense. Belt v. Adams, 125 Miss. 387, 87 So. 666; Fox v. Coon, 64 Miss. 465, 1 So. 629. The burden is on a defendant not only to aver its affirmative defense, but also to prove it. Griffith's Miss. Chancery Practice, 2d Ed., Section 360, pp. 345-6.

From which it follows that the learned chancellor was in error in sustaining the demurrer. Consequently the cause is reversed and remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.