ANDERSON, et al. *v.* RICHTON TIE & TIMBER COMPANY.

No. 41276        November 16, 1959        115 So. 2d 536

*Boydstun & Boydstun,* Louisville, for appellants.

*M. M. Roberts, Hattiesburg;* S. B. *Majure,* Richton, for appellee.

ARRINGTON, J.

This is the third appearance of this case here. For a history see Tillman, et al v. Richton Tie & Timber Com-

pany, 224 Miss. 789, 80 So. 2d 745; Richton Tie & Timber Company v. Tillman, et al., 223 Miss. 12, 100 So. 2d 857, in which the cause was reversed and remanded; on suggestion of error, 233 Miss. 20, 103 So. 2d 139.

The suggestion of error was overruled and the cause remanded for trial solely on the issue as to whether Richton Tie & Timber Company was an innocent purchaser of the timber for value without notice of the real condition of the title, and so that the Tillman heirs, appellants here, could present additional evidence to show whether they were vigilant in asserting their rights as remainder-men. ▉ ▉ In the instant case, the chancellor, in his findings of fact, held that the appellee, Richton Tie & Timber Company, was an innocent purchaser for value and did not have notice of any kind of the fraud of Willis Jones and Mrs. M. E. Hyde; that the appellee, in purchasing the tax title of M. E. Hyde, did not have knowledge of any facts that would put it on inquiry as to the aforementioned fraud; and further found that the appellants were not alert and were derelict in their duty to assert title to said lands. A decree was entered to this effect dismissing appellants' bill.

We have carefully examined this record and find that the evidence was ample to sustain the chancellor's finding on the sole issue presented to him for determination on the remand of the case. It follows that the decree should be and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.