DELTA CONSTRUCTION COMPANY OF JACKSON *v.*
MISSISSIPPI VALLEY GAS CO.

No. 43812 February 21, 1966 183 So. 2d 186

*Cox, Dunn & Clark,* Jackson, for appellant.

902

*Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellee.

INZER, J.

Appellant, Delta Construction Company, filed suit in the County Court of the First Judicial District of Hinds County against appellee, Mississippi Valley Gas Company, seeking to recover damages for loss of personal property by fire alleged to have been caused by the

negligence of appellee in supplying appellant with incorrect information relative to the location of its gas lines at the intersection of Mississippi and Greymont Streets in the City of Jackson. The issues were tried by the county judge without the intervention of a jury, and at the conclusion of appellant's case, a motion by appellee requesting the court to find for it was sustained. A judgment was entered, and a motion for a new trial was overruled. An appeal was perfected to the Circuit Court of the First Judicial District of Hinds County, and the circuit court affirmed; hence, this appeal.

Appellant assigns as error the action of the trial court (1) in sustaining the motion of appellee to exclude the evidence of appellant and entering judgment for appellee; and (2) in overruling appellee's motion for a new trial, or in the alternative, to reopen for additional evidence.

The record in this case reflects that appellant was the subcontractor in charge of doing the utility work in connection with the construction of the Mississippi Coliseum in Jackson in the year 1961. As a part of its construction, appellant was to dig a sewer ditch from a manhole in about the center of the intersection of Mississippi and Greymont Streets in a southwest direction to the boiler room in the coliseum. Mississippi Street runs in an east-west direction, and Greymont Street runs in a north-south direction, and they intersect. Mr. Wallis J. Schutt was the superintendent for appellant in charge of the crew that was to dig this ditch. He testified that he had been working for appellant about one year, and had been construction superintendent for about three months prior to the time this work was done. About two or three days before the work was started, he contacted a man by the name of Billy Cash, who was working across the street from the coliseum relative to the location of gas lines in the area where the ditch was to be dug. Mr. Schutt did not know Mr.

Cash, but only knew that he worked for the Gas Company, for the reason that he had on one of its uniforms and that there was a Gas Company truck parked where Mr. Cash and some other men were working. He said that Mr. Cash was supervising some men installing a gas line across the street from the coliseum. Mr. Schutt testified that he walked with Cash out to the middle of Mississippi Street and pointed down the street to the area where the work was to be done, and told him where the line was to run. He thought that Cash understood what he was going to do, but that Cash did not say anything and did not ask any further questions. Cash told him that he did not know about the location of gas lines in that area, but would check with his supervisor, Mr. Bass. Cash contacted him later and told him that Mr. Bass said there was no gas line on the south side of Mississippi Street. Mr. Schutt said he assumed that Cash told him right, and about two days later he started digging the ditch with a machine, and it hit a gas line causing a break in it. The gas coming from the line caught fire and burned the ditch digging machine or back hoe, as it is called in the testimony, a pickup truck and some small tools belonging to appellant. On cross-examination, Mr. Schutt admitted that he was with a crew that was digging a ditch in the street on the other side of the coliseum a few weeks before this accident when they struck a gas line belonging to appellee. He said that after this accident he contacted the engineers in charge of the construction work as to the location of gas lines in the area where the other work was to be done, and they informed him that it was his responsibility to get the information relative to the location of gas lines. He did not ask for any maps showing the location of gas lines and did nothing other than to ask Mr. Cash as to their location.

The evidence in the record shows that there is not a gas line that runs along the south side of Mississippi

Street, but there is a gas line that runs along the west side of Greymont Street and crosses through Mississippi Street at the intersection of Mississippi and Greymont Streets. The evidence does not reflect the point in the intersection at which the ditch machine struck the gas line. Neither does it reflect where the work was started or at what point they had reached when the accident happened.

The trial court sustained appellee's motion for a directed verdict for the reason that there had been no actual breach of duty by appellee. It was held that appellant failed to prove the point of explosion, and assuming the point of explosion to be at the intersection of Greymont and Mississippi Streets, the only advice given appellant by appellee's employee was that there was no line on the south side of Mississippi Street. The circuit judge in a written opinion affirmed the action of the trial judge. The circuit judge said, among other things:

> There are certain deficiencies in the proof which justify the action of the Court in sustaining the motion to exclude. It appears that there is no gas line running east and west along the south side of Mississippi Street, but there is a gas line running on the west side of Greymont Street, which runs north and south, and crosses Mississippi Street. As to whether or not it could be construed to mean a gas line on the 'south side of Mississippi Street' is indefinite.

Appellant contends that the information furnished it by appellee's employee Cash was incorrect, and appellee was negligent in not furnishing it with correct information. In support of this contention, it relies upon the general rule of law set out in 65 C.J.S. *Negligence* section 4 (b) (1950), relative to voluntary actions. The section quoted deals with acts, not words. The rule relative to voluntary information is different in some re-

spects. The general rule is set out in 65 C.J.S. *Negligence* section 20 (1950). It states:

A false statement negligently made may be the basis of a recovery of damages for injury or loss sustained in consequence of reliance thereon, the American rule, in this respect, being more liberal than the rule in England. In order that such liability may exist, it is necessary that the relationship of the parties, arising out of contract or otherwise, be such that one has the right to rely on the other for information, that the one giving the information should owe to the other a duty to give it with care, that the person giving the information should have, or be chargeable with, knowledge that the information is desired for a serious purpose, that the person to whom such information is given intends to rely and act on it, and that, if the information given is erroneous, the person to whom it is given will be likely to be injured in person or in property as a result of acting thereon. Accordingly, it is not every casual response, or every idle statement, no matter how damaging the result, which will give rise to a cause of action, and a false statement cannot give rise to a cause of action in negligence where the speaker was under no duty to the person addressed to advise him correctly, and the facts were equally within the observation of both, or where the nature and extent of the transaction that will be regulated by the information are not known.

See Higgins Lumber Co. v. Rosamond, 217 Miss. 1, 63 So. 2d 408 (1953).

 █ The first question to be determined is whether the information furnished was false. The only information shown to have been furnished by the employee of appellee was that there was no gas line on the south side of Mississippi Street; this information was correct. Appellant assumed that this statement meant that there was no gas line running through the intersection of

Mississippi and Greymont Streets; however, if it was to rely on the information furnished, it certainly had the duty to ascertain that appellee's employee fully understood that the work was to be done in the intersection; this it did not do. Appellant's construction superintendent was not certain that appellee's employee understood where the work was to be done; he only assumed that he did. This finding makes it unnecessary for us to determine whether the proof shows such a relationship between the parties as would render appellee liable in this case if the information furnished had been false.

When we examined the evidence in this case in the light most favorable to appellant, we reached the conclusion that the proof has too many deficiencies to establish liability on the part of the appellant. For this reason, the judgment appealed from must be affirmed.

Affirmed.

*Gillespie, P. J., and Rodgers, Brady and Smith, JJ.,* concur.