JAMES D. HESTER, Commissioner,
for the Court:[1]
This appeal is prosecuted from an order of the Circuit Court of the First District of Hinds County, Mississippi, sustaining appel-lee’s demurrer to the amended declaration. The amended declaration charged that Cas-tlewood Arms, Inc. owns an apartment complex in the City of Jackson known as Castlewood Arms, a two-story structure consisting of eight family units, one of which was leased to and occupied’ by the appellant.
Paragraph Three of the amended declaration charges that at the time Castlewood Arms apartments were constructed by ap-pellee there was in full force and effect a municipal ordinance of the City of Jackson, of which Section 3(2)(6), states:
*564 “No apartment building or multiple family dwelling shall be constructed to a height greater than three and one-half stories or forty-five (45) feet, and must be constructed with three (3) hour fire separation between each eight (8) family units, horizontally or vertically, and in buildings of three (3) or more family units a minimum of one (1) hour fire separation throughout the building
In Paragraph Eight of the amended declaration the appellant charges that the damages which she suffered
“ . . . were the direct and proximate result of the tortious and negligent conduct of the Defendant, Castlewood Arms, Inc., in wholly failing to comply with the express terms of the Ordinance of June 1, 1950 and thus negligently and tortiously failing to provide the fire protection to which the Plaintiff and the other occupants of the Castlewood Arms apartments were entitled.”
In Paragraph Nine of the amended declaration it was alleged, alternatively, that appellee constructed and designed Castle-wood Arms apartments, and especially the fire wall between the apartment Nos. 204 and 205, in such a way that they were unreasonably dangerous.
Thus framed, the amended declaration contained a statement of the facts constituting the cause of action, in ordinary and concise language and was sufficient in matter of substance for the court to proceed upon the merits of the cause. The acts and omissions of the appellee, above specified, and correctly described by the pleader as being negligent and tortious, and directly and proximately causing the damages enumerated, were admitted by the demurrer and sufficiently stated a cause of action grounded in simple negligence. Bullock v. Sim Ramsey, Jr. Trucking Co., 207 So.2d 628 (Miss.1968); Tillman v. Richton Tie & Timber Co., 224 Miss. 789, 80 So.2d 745 (1955); Higgins Lumber Co. v. Rosamond, 217 Miss. 1, 63 So.2d 408 (1953).
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws c 1976. The above opinion is adopted as the opinion of the Court.