**Lynette COLEMAN, et al., Plaintiffs-Appellants,**

v.

**LOUISVILLE PANTS CORPORATION**

and

**Amalgamated Clothing and Textile Workers Union, AFL–CIO, CLC, Defendants-Appellees.**

No. 81–4332.

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1982.

David E. Crawley, Jr., Kosciusko, Miss., Dixon Pyles, Jackson, Miss., for plaintiffs-appellants.

Danny E. Cupit, John L. Maxey, II, Jackson, Miss., Arthur M. Goldberg, Stephen Burrow, New York City, for defendants-appellees.

Paul H. Stephenson, III, Hassell H. Whitworth, Jackson, Miss., for Louisville Pants Corp.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

On July 29, 1980, Lynette Coleman and 64 other former employees[1] of the Louisville Pants Company filed suit in Mississippi state court alleging that the Louisville Pants Company and the Amalgamated Clothing and Textile Workers Union (ACTWU) had breached a duty toward them, wrongfully depriving them of benefits due under the "Trade Act of 1974," 19 U.S.C. § 2101 *et seq.* The defendants removed the case to the United States District Court as an action over which that court had original jurisdiction under 28 U.S.C. § 1337.[2] Coleman promptly and unsuccessfully moved to remand the case to state court. After extensive discovery, the district judge granted each defendant's motion for summary judgment in its favor. Coleman appeals the court's refusal to remand and, alternatively, its rendering of summary judgment for the

---

1. For the sake of verbal economy, we will hereinafter sometimes refer to appellants simply as "Coleman".

2. Section 1337(a) states:

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies ...

defendants. We affirm the judgment in both respects.

Coleman and her fellow complainants were employed in manufacturing men's pants by Louisville Pants Company in Louisville, Mississippi. ACTWU was the collective bargaining representative for workers at the plant. On November 2, 1977, the factory closed, presumably because of lost sales caused by competition from cheaper imported trousers.

A portion of the "Trade Act of 1974," 19 U.S.C. § 2101 et seq., makes "trade readjustment allowances" (TRA benefits) available to workers who have lost their jobs due to competition from imported goods. 19 U.S.C. § 2271(a) sets out the procedures to be followed in applying to be certified as eligible for TRA benefits. Specifically, application may be made by a petition to the Secretary of Labor, "by a group of workers or by their certified or recognized union or other duly authorized representative." [3] In order to be effective, application must be made within one year of the date of the workers' separation from employment. 19 U.S.C. § 2273(b)(1).[4]

In June of 1978, James Jackson, a Mississippi ACTWU official, completed a Petition for Adjustment Assistance on behalf of the former employees of Louisville Pants. He mailed the petition to Arthur Gundersheim, the Union's Director of International Trade Affairs. Gundersheim was to file the petition with the United States Department of Labor. Apparently, however, he never received the petition, which consequently was never filed.

Several months later, after a follow-up telephone call from Jackson, Gundersheim filed another petition with the Department of Labor on November 28. A separate petition had been filed a few days earlier by Louisville Pants' parent company, Leslie Fay, Inc. Both petitions were dismissed by the Department of Labor as being untimely. In short, the employees were not and cannot now be certified as eligible for TRA benefits.

On July 29, 1980, the employees filed suit for monetary damages against the ACTWU and Louisville Pants in the Chancery Court of Winston County, Mississippi. They alleged that the defendants had breached both statutory and common law duties toward them and thus deprived them of the benefits to which they were rightfully entitled. As stated above, the defendants removed the case to federal court where they eventually were granted summary judgment.

Coleman characterizes her action as being founded entirely upon the Mississippi common law of torts. Her sole theory, she claims, is that both defendants voluntarily assumed, and breached, the duty to file a timely petition to secure her TRA benefits. This duty, she says, is not a question of federal law. Thus there is no federal subject matter jurisdiction and the district court was obligated to remand the case to a state tribunal.

In *In re Carter,* 618 F.2d 1093 (5th Cir. 1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), this Court stated, "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." 618 F.2d at 1101. Although after removal Coleman

---

**3.** Section 2271(a) states:

(a) A petition for a certification of eligibility to apply for adjustment assistance under this part may be filed with the Secretary of Labor (hereinafter in this part referred to as the "Secretary") by a group of workers or by their certified or recognized union or other duly authorized representative. Upon receipt of the petition, the Secretary shall promptly publish notice in the Federal Register that he has received the petition and initiated an investigation.

**4.** Section 2273:

    \*    \*    \*    \*    \*    \*

(b) A certification under this section shall not apply to any worker whose last total or partial separation from the firm or appropriate subdivision of the firm before his application under § 2291 of this title occurred—

  (1) More than one year before the date of the petition on which such certification was granted, or

  (2) More than six months before the effective date of this part.

attempted to amend her complaint, the case was removed to federal court on the basis of the original state court pleadings.

Examining those pleadings, it is clear that the district court was correct in concluding that Coleman's action arises under federal law. As part of her cause, Coleman alleged that

> Under 19 U.S.C. § 2273 the defendants as agents for complainants were required to petition the Secretary of Labor to pay to each complainant the statutory payments provided. Each complainant was at all times material hereto duly qualified to receive the payment of the trade adjustment allowance and other benefits.

> Pursuant to the provisions of 19 U.S.C. §§ 2292 and 2293 each complainant was entitled to receive not less than $3900 as the trade readjustment allowance plus other statutory benefits. . . .

*Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) articulates the criteria for determining when a case "arises under" a federal statute.

> How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

299 U.S. at 112, 57 S.Ct. at 97 (citations omitted).

The complaint maintains that the Trade Act imposed a duty upon the defendants to petition for TRA benefits on the workers' behalf. It asserts, moreover, that each complainant was both qualified and entitled

under the statute to receive TRA benefits. Thus, the face of the complaint plainly shows that the case "arises under" the Trade Act. As the Trade Act unquestionably is a law regulating commerce, federal jurisdiction is properly based on 28 U.S.C. § 1337.[5]

Coleman urges us on appeal to examine her proposed amended complaint, which the district court declined to let her file. Although this second complaint is more carefully tailored, it does not alter the validity of federal jurisdiction.

We point out, to begin, that Coleman's motion to amend her complaint was denied by the district court. Coleman did not appeal that ruling. Even if the amended complaint had been adopted, however, this Court would not consider it in determining whether the district court had subject matter jurisdiction. As we pointed out in *Carter, supra,* "[I]t has often been stated that the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." 618 F.2d at 1101. *See also IMFC Professional Services of Florida v. Latin American Home Health,* 676 F.2d 152 (5th Cir. 1982). In such situations the courts may enforce a "no returns" policy. Coleman bought a federal suit and could not, after amendment, demand that she be allowed to exchange it for a state one.

■ Having concluded that the district court properly retained jurisdiction, we must now determine whether its decision to grant summary judgment for the defendants was also correct. We find that it was. Despite the allegations to the contrary made in the original complaint, it is apparent from the statutory language that the Trade Act imposed no duty upon either defendant to file for TRA benefits on behalf of Louisville Pants' employees. 19 U.S.C. § 2271(a), the relevant section of the statute, does not require the union to do

---

5. The ACTWU contends that federal jurisdiction as to them is founded additionally on the complaint's assertion that "[a]s such collective bargaining representative the defendant labor organization owed the complainants the duty

and obligation to fairly and properly represent the complainants in good faith." Since we hold that the trial court was correct in finding that jurisdiction is proper under 28 U.S.C. § 1337, we do not consider this argument.

anything. It merely authorizes the union to file for certification on behalf of eligible workers.[6] Arguably, a duty to do so might be inferred if the statute reserved exclusively to the union the right to file certification petitions. The statute does not reserve to the union that prerogative, however. Instead, a group of workers may file on their own for a certification of eligibility. Thus Coleman has no legitimate claim that defendants breached a duty owed the workers under federal law.

■ Nor does she present a valid claim under Mississippi common law. Coleman contends that the defendants voluntarily assumed the duty to file a claim for TRA benefits on the employees' behalf. The defendants, she says, performed that duty in a grossly negligent fashion "and thereby caused each complainant to suffer great harm and damage." *Higgins Lumber Co. v. Rosamond,* 217 Miss. 1, 63 So.2d 408 (1953), sets out the Mississippi rule as to liability for a gratuitous undertaking. The *Higgins* Court quoted with approval language from the Restatement of the Law of Agency, § 378, p. 835:

> If a person, by promising or undertaking to do definite acts of service for another, realizes or should realize that it is substantially certain that the other will refrain from doing such acts for himself or securing alternative services then available, the person so promising or undertaking becomes subject to liability for harm resulting from his undertaking and subsequent failure.

In Mississippi, then, detrimental reliance by the plaintiff is an essential element of any action based upon the negligent performance of a gratuitous act.

■ Upon the completion of discovery, however, Coleman was unable to proffer any evidence to suggest that she or any other plaintiff had relied upon, or even knew about, the defendants' efforts to secure TRA benefits for Louisville Pants' former employees. There was no suggestion that the plaintiffs refrained from filing a

petition because they had relied upon either the union's or the company's promise to take care of the matter. Indeed, there was no suggestion that either defendant at anytime made any such promise. With respect to this central element of Coleman's common law theory of recovery, no question of material fact existed for the court to decide.

The judge acted correctly in retaining jurisdiction and in entering summary judgment for both ACTWU and Louisville Pants.

AFFIRMED.

---

**6.** Employers, such as defendant Louisville Pants, are not mentioned at all, unless they

may be considered to be "other duly authorized representative[s]."